DEE HAX and Another, Appellants, v. AMALGAMATED MUTUAL AUTOMOBILE CASUALTY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, November 21, 1935.

*Frank, Weil & Strouse* [*Richard Kulze* of counsel], for the appellants.

*Bonney & O'Brien* [*John E. Dolan, Jr.,* of counsel], for the respondent.

LYDON, J. The action is on a bond given by defendant pursuant to the Vehicle and Traffic Law to cover injuries sustained by passengers in a taxicab.

Plaintiffs are husband and wife. The wife was injured while a passenger in the taxi. She sued the taxi driver for personal injuries and her husband joined in the same action his claim for loss of services. The wife had a verdict for $2,500 and the husband one for $500. Judgment was entered in favor of the wife for $2,564.50 and in favor of the husband for $500. These judgments were not paid by the taxi driver and plaintiffs demanded payment from defendant on its bond. Defendant contended that its total liability was $2,500, with interest and costs. It offered the wife $2,165 and the husband $420.27. These amounts were received by plaintiffs under a stipulation reserving their rights to sue for the balance of their claims. This action is brought accordingly.

The facts being undisputed, plaintiffs moved for summary judgment. The motion was denied, without opinion, and plaintiffs appeal.

The bond provides as follows: " (3) The liability of the Corporation on any one judgment is limited to Two Thousand Five Hundred Dollars ($2500) for bodily injuries or death, and Five Hundred Dollars ($500) for damage to or destruction of property, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to Five Thousand Dollars ($5000) for bodily injuries or death, and One Thousand Dollars ($1000) for damage to or destruction of property, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments, and there shall be a continuing liability of the Corporation for such amounts under this policy, notwithstanding any recovery hereunder."

The statute (Vehicle and Traffic Law, § 17) which requires the bond provides that its obligations may be limited in the manner specified in the above extract.

Defendant's claim seems to be that the present case involves a single judgment and, therefore, its total liability is $2,500, with interest and costs. It says this should be divided between the two

plaintiffs in proportion to their respective judgments obtained against the taxi driver.

I do not agree with that contention. Although the judgments in favor of the husband and wife are included in a single paper, they are separate judgments and defendant's liability is limited to $2,500 on each.

The order should be reversed, with ten dollars costs, and the motion granted, with ten dollars costs.

CALLAHAN and SHIENTAG, JJ., concur.

Order reversed, with ten dollars costs, and motion granted, with ten dollars costs.